**PETER F. WRIGHT and ELIZA, his Wife, ARCADA POLK and SARAH POLK, by GEORGE ROBINSON, their Guarddian, v. THOMAS FISHER, Administrator of Sarah Polk, who was Administratrix of William Polk.**

Orphans' Court. Sussex. July, 1817.

*Ridgely's Notebook I, 106.*

July 24, this case came on again. *Wells* for appellants. *Cooper* and *Clayton* for appellee.

*Mr. Wells* gives in evidence account current between Peter Robinson and Sarah Polk closed May 10, 1806, by her receipt for balance in which she is credited with Negro Levin £75. No particular date to this credit; appraised at £37.10. With Negro Scipio £75. No particular date; appraised at £55.

Here the book of account of Burton Robinson was offered to prove the price of an article sold by administratrix. Objected to by appellee's counsel.

THE CHANCELLOR. The books are not evidence. They could not be at all in this case. Mr. Robinson, if he were here, might refresh his memory with them, but he would be the witness. Besides, the book has not been sworn to.

Rejected.

The appellant's counsel then offered a book of Burton Robinson and George Robinson, the guardian, merchants, to show in the account between the said merchants and Sarah Polk the price of some articles they purchased of her at *vendue*. Objected, that the book is no evidence. It cannot be received between these parties. It is no book of accounts between parties to this suit. The transaction between Mrs. Polk and these gentlemen has no relation to these parties.

THE CHANCELLOR. This book is no evidence. It is not offered in a matter between the parties to the account kept in the book. Besides, the list of sales is better evidence, and that should be offered and not this inferior evidence, unless such list is lost or will not be produced on notice.

[These exceptions had been filed with the clerk of the Orphans' Court on October 10, 1816. On February 13, 1817, appellant filed an additional exception that accountant's allowance of $62.22 for sundry repairs was unjust and extravagant.]

THE CHANCELLOR. This last exception being objected to, and this being the first occasion on which any objection was made to additional exceptions, it is right that a decision should be made that the course proper on such cases may be known and pursued. On the first exercise of the appellate jurisdiction in matters of account passed by executors, administrators or guardians, and ever since, the exceptions have generally been filed in the Register's office. This practice is conformable to the spirit of Section 16, Article 6 of the Constitution. The exceptions lay the groundwork of the appeal. They come up with the account and with the citation give notice to the accountant of the particular charges or allowances in the account objected to and enable the accountant to come prepared to investigate and support such charges or allowances. Afterwards to file exceptions in this court would produce injustice or delay by a surprise on the party. The additional exception ought not to be allowed and cannot be now inquired into. . . .